**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRADLEY WILLIAM MONICAL, | No. 23-35400 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00476-YY |
| v. | |
| MIKE WINTERS, Sheriff; COREY FALLS, Sheriff; PENDLAND, Lt.; ANDERSON, "Doe"; BEANE, HAMILTON, Deputy; REESE, Deputy; CLARK, Deputy; HIGGINS, Deputy; JANE WALKER, Deputy; JANE KENNEDY; DENNIS DOE, County Psychologist; JACKSON COUNTY SHERIFF'S DEPARTMENT; DANNY PEDLAND, Capt.; JOSHUA ALDRICH, Lt.; RUSSELL BEANE, Sgt.; THOMAS LEE, Sgt.; GUZMAN, Sgt.; ANDREW DAVIS, Sgt.; TROY HAMILTON, Deputy; GARY CLARK, Deputy; TIMOTHY HIGGINS, Deputy; MARCY KENNEDY, Deputy; JASON REESE, Deputy; ERIN GILKISON, Deputy; DENNIS MCNAMARA, County Psychologist; S. REILLEY, LPN; C. HINKLE, LPN; CB BEATTY, RN; CULLEN, Dr.; ACE LLC; CHRISTINA WALKER, Deputy, | MEMORANDUM[*] |
| Defendants-Appellees. | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding[*]
Submitted April 22, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

Oregon state prisoner Bradley William Monical appeals pro se from the district court's summary judgment and dismissal order in his action under 42 U.S.C. § 1983 alleging claims arising from his confinement at the Jackson County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (dismissal); *Weiner v. San Diego County.*, 210 F.3d 1025, 1028 (9th Cir. 2000) (summary judgment). We affirm.

The district court properly dismissed as untimely Monical's claims arising before March 24, 2015 because Monical filed them outside the two-year statute of limitations. *See* Or. Rev. St. § 12.110(1) (two year statute of limitations); *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (Oregon statute §12.110 applies to a § 1983 action). Monical failed to establish that he was entitled to equitable tolling or that the continuing violations doctrine applied. *See also Nat'l R.R.*

---

[*] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

*Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act."); *Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1048 (9th Cir. 2016) (equitable tolling is used sparingly in Oregon).

The district court properly dismissed Monical's claims alleging unconstitutional conditions of confinement and First Amendment and due process violations because Monical failed to timely exhaust administrative grievances concerning his claims. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (exhaustion is mandatory and must be done in a timely manner consistent with prison policies); *see also* 28 U.S.C. § 1915 (defining "prisoner" for the purpose of the exhaustion requirement as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law"). Monical's argument that he was "released," and therefore not subject to the exhaustion requirement, is not supported by the record.

The district court properly granted summary judgment on Monical's access-to-courts claims because Monical failed to raise a genuine issue of material fact as to whether he was actually injured, or whether the jail's restrictions were not reasonably related to legitimate penological interests. *See Lewis v. Casey*, 518 U.S. 343, 350, 351, 356, 362 (1996) (describing requirements of an access-to-

courts claim).

We reject as unsupported by the record Monical's argument that the defendants failed to respond timely to his requests for admission.

**AFFIRMED**.